UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KENNEATH TURNER-HARRIS,

                Plaintiff,

v.                                          Case No. 20-cv-1815-pp

SUE DEHAAN, JOHN DOE STAFF 1–5,
and JOHN DOE UNIT SUPERVISORS #1, #2 and #3,

                Defendants.

**ORDER DIRECTING CLERK TO CLOSE CASE AND DENYING PLAINTIFF'S REQUEST TO REFUND FILING FEE PAYMENTS (DKT. NO. 18)**

      On May 23, 2022, the court screened plaintiff Kenneath Turner-Harris's complaint under 42 U.S.C. §1983, dismissed defendants Captain Johnson and PCT Joe Jezwineski and added Wisconsin Resource Center Director Sue DeHaan as a defendant for the limited purpose of helping the plaintiff identify the John Doe defendants. Dkt. No. 12. The court ordered the plaintiff to identify the real names of the John Doe defendants within sixty days of Director DeHaan's attorney filing an appearance in the case. Id. at 18. The court advised the plaintiff that if, within sixty days of Director DeHaan's attorney filing an appearance, he did not identify the real names of the Doe defendants or request more time to do so, the court would dismiss the case based on the plaintiff's failure to diligently pursue it. Id.

      On May 31, 2022, counsel for Director DeHaan filed a notice of appearance. Dkt. No. 15. That means the plaintiff had to identify the Doe defendants, or request more time to do so, by the end of the day on August 1,

1

Case 2:20-cv-01815-PP   Filed 09/26/22   Page 1 of 4   Document 20

2022. On July 18, 2022, however, the court granted the plaintiff's motion for an extension of time to identify the Doe defendants. Dkt. No. 17. The court ordered the plaintiff to identify the Doe defendants by the end of the day on September 30, 2022.

On August 26, 2022, the court received from the plaintiff a motion to voluntarily dismiss the case. Dkt. No. 18. The plaintiff says he is "not currently capable of gathering the necessary information to adequately provide detailed descriptive information of the john doe/jane doe defendant's to move forward with this civil conditions of confinement case, at this time." Id. at ¶1. He asks the court to voluntarily dismiss the case, after which he "will then attempt to contact and secure private counsel to assist [him] in either the gathering of necessary information, or to represent [him] at a later date." Id. at ¶2.

Under Federal Rule of Civil Procedure 41(a)(1)(A), the plaintiff may dismiss a lawsuit without seeking a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). The only named defendant is Director DeHaan, who has appeared in this lawsuit only to help the plaintiff identify the Doe defendants against whom the court allowed the plaintiff to proceed. No named defendant has filed an answer or motion for summary judgment. That means the plaintiff's motion to dismiss is self-executing, and no court order is

needed to dismiss the case. The clerk must close the case under Rule 41(a)(1)(A)(i).

The plaintiff also asks that the court "grant the RETURN [sic] of any unspent/unused portion(s) of the filing fees, so that the funds would be re-deposited into [his] prison release account." Dkt. No. 18. In the December 9, 2020 order requiring the plaintiff to pay the partial filing fee, the court advised the plaintiff of the risks of proceeding with the lawsuit. Dkt. No. 5 at 3. The court explained:

> If the plaintiff proceeds with this case, he is advised that the complaint will be screened, and even if it is immediately dismissed because it fails to state a claim upon which relief can be granted or for any other reason, the plaintiff's initial partial filing fee will not be refunded, and he will still be required to pay the entire $350 filing fee and risk incurring a strike.

Id. The plaintiff chose to proceed and the court received the initial partial filing fee on January 6, 2021. The court then screened the complaint. Dkt. No. 12. That means the plaintiff is responsible for paying the full $350 filing fee. His choice to voluntarily dismiss this case does not relieve him of that responsibility; the fee allows the plaintiff to *file* the case, regardless of what happens to it down the road. The court will deny the plaintiff's request to refund the amount he has paid toward the filing fee. The plaintiff remains obligated to pay the balance of the filing fee.

The court **ORDERS** that the Clerk of Court must close this case and note on the docket that the plaintiff has voluntarily dismissed it under Federal Rule of Civil Procedure 41(a)(1)(A)(i).

The court **DENIES** the plaintiff's request to return his payments toward the $350 filing fee. Dkt. No. 18. He remains obligated to pay the balance of that fee.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$259.76** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Racine Correctional Institution.

Dated in Milwaukee, Wisconsin this 26th day of September, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**