UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KENNEATH TURNER-HARRIS,

              Plaintiff,

v.                                                   Case No. 20-cv-1815-pp

SUE DEHAAN, JOHN DOE STAFF 1–5.
and JOHN DOE UNIT SUPERVISORS #1, #2 and #3,

              Defendants.

---

**ORDER REOPENING CASE, GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME AND TO AMEND THE COMPLAINT (DKT. NO. 21) AND ORDERING THE PLAINTIFF TO IDENTIFY THE DOE DEFENDANTS WITHIN SIXTY DAYS OR THE COURT WILL DISMISS THE CASE**

---

      On August 26, 2022, the plaintiff moved to voluntarily dismiss this case because, he told the court, he was "not currently capable of gathering the necessary information to adequately provide detailed descriptive information of the john doe/jane doe defendant's to move forward with this civil conditions of confinement case, at this time." Dkt. No. 18 at ¶1. The plaintiff asked the court to dismiss the case so that he could "attempt to contact and secure private counsel to assist [him] in either the gathering of necessary information, or to represent [him] at a later date." Id. at ¶2.

      On September 26, 2022, the court directed the Clerk of Court to close the case based on the plaintiff's motion. Dkt. No. 20. The court explained that under Federal Rule of Civil Procedure 41(a)(1)(A)(i), the plaintiff's motion to

dismiss was self-executing, so no court order was needed to effectuate dismissal. Id. at 2–3. The clerk terminated the case the next day.

Three days later, on September 29, 2022, the court received a document from the plaintiff titled "Motion to Enlarge Time and Motion to Amend Civil Rights Complaint." Dkt. No. 21. The plaintiff says he prepared the motion "with assistance from a certified Inmate Legal Paralegal." Id. at 1. He says a different person was helping him with his legal papers before he was transferred to Racine Correctional Institution. Id. The motion asks the court to give the plaintiff time to amend his complaint "and identify the names of the other defendants the court allowed him to proceed against, which can be done in discovery." Id. The plaintiff also asks "to withdraw a previously filed motion to withdraw his case voluntarily as the person who advised him of this information did not understand the legal process." Id. at 2. He says that he "now has able minded assistance who understand the procedures and is aware that upon the Courts scheduling order Plaintiff will be alotted [sic] time to obtain the names of the John Doe defendants in discovery." Id. The plaintiff requests sixty days for "the certified legal paralegal to come up to speed on this case and research the caselaw precedents as to whether or not its even actionable and time to amend the complaint if necessary." Id. He says he "believes good faith has been shown herein, and its not a delay tactic but merely appropriate that the Court grant him an opportunity and chance to present a fair litigation on the merits of his claims." Id. (grammar and emphasis in original).

The court explained in the previous order that the plaintiff's motion to voluntarily dismiss his case was self-executing. The effect of that motion was to terminate the case as soon as the court received the motion on August 26, 2022. See United States v. UCB, Inc., 970 F.3d 835, 849 (7th Cir. 2020) (citing Marques v. Fed. Reserve Bank of Chi., 286 F.3d 1014, 1017 (7th Cir. 2002)) (explaining that notice of (or motion for) dismissal under Rule 41(a)(1)(A)(i) "is self-executing and case-terminating"). The plaintiff does not explain why he waited over a month before asking to withdraw his motion for voluntary dismissal. He *does* explain that previously he had received assistance from someone who did not understand the legal process, and that he now has assistance from a different incarcerated person who does. That person advised the plaintiff to file this motion asking to withdraw the motion to dismiss, requesting more time to identify the Doe defendants and asking for more time to amend his complaint.

The motion does not ask to reopen the case. But it is possible that the plaintiff had not yet received the court's previous order closing the case when he drafted and mailed this motion for an extension of time. The plaintiff dated the motion September 27, 2022, dkt. no. 21 at 2; the court entered and mailed the previous order to him only one day earlier, on September 26, 2022, dkt. no. 20. The court will liberally construe the plaintiff's motion as a motion to reopen his case, will grant that motion and will reopen the case.

The court also will grant the plaintiff's request for an extension of time to identify the Doe defendants. As the court previously explained, it is the

plaintiff's obligation to use discovery to learn the identities of the persons he wants to sue. See Dkt. No. 12 at 16–17; Dkt. No. 17. The court noted in the previous order that Director DeHaan has appeared in this lawsuit only to help the plaintiff identify the Doe defendants. Dkt. No. 20 at 2. If the plaintiff fails to identify those persons by the deadline the court sets below, the court may dismiss the Doe defendants, which means the court also will dismiss the case for the plaintiff's failure to identify the Doe defendants and diligently prosecute his claims against them. See Civil Local Rule 41(c) (E.D. Wis.) ("Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action . . . the Court may enter an order of dismissal with or without prejudice.").

The court will not allow the plaintiff to amend his complaint at this time. The court's Civil Local Rules require that a party moving to amend must "reproduce the entire pleading as amended," attach the proposed amended pleading to the motion and "state specifically what changes are sought by the proposed amendments." Civil L.R. 15(a)–(b). The plaintiff did not attach a proposed amended complaint and has not specified the changes he proposes. He asks for "time to amend the complaint if necessary." Dkt. No. 21 at 2. Because the plaintiff's request does not comply with the court's local rules for amended pleadings, the court will deny his request to amend the complaint. See Hinterberger v. City of Indianapolis, 966 F.3d 523, 528 (7th Cir. 2020) ("[D]istrict courts may require strict compliance with their local rules."); Smith v. Adams, 804 F. App'x 390, 391 (7th Cir. 2020) (same for *pro se* plaintiffs). The

4
Case 2:20-cv-01815-PP   Filed 11/08/22   Page 4 of 5   Document 22

court reminds the plaintiff that he does not need to file an amended complaint once he learns the identities of the Doe defendants. He may file a motion to substitute those defendants' real names in place of the Doe placeholders.

The court **CONSTRUES** the plaintiff's motion as a motion to reopen his case and **GRANTS** the motion. Dkt. No. 21.

The court **ORDERS** that the clerk must reopen this case.

The court **GRANTS IN PART AND DENIES IN PART** the plaintiff's Motion to Enlarge Time and Motion to Amend Civil Rights Complaint. Dkt. No. 21. The court **GRANTS** the plaintiff's request for an extension of time to identify the Doe defendants but **DENIES** the plaintiff's request to amend his complaint.

The court **ORDERS** that the deadline by which the plaintiff must identify the Doe defendants is **EXTENDED** until the end of the day on **December 6, 2022**. The plaintiff must send the court his motion to substitute the real names of the Doe defendants in time for the court to *receive* it by day's end on December 6, 2022. If the court does not receive the plaintiff's motion to substitute the real names of the Doe defendants, or a written explanation of why he is unable to identify them, by that deadline, the court will dismiss the case for the plaintiff's failure to prosecute it.

Dated in Milwaukee, Wisconsin this 8th day of November, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**