UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KENNEATH TURNER-HARRIS,

                Plaintiff,

  v.                                                  Case No. 20-cv-1815-pp

SUE DEHAAN, JOHN DOE STAFF 1–5
and JOHN DOE UNIT SUPERVISORS #1, #2 and #3,

                Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND OR ALTER JUDGMENT (DKT. NO. 27), VACATING JUDGMENT, REOPENING CASE, DISMISSING DEFENDANT DEHAAN, SUBSTITUTING REAL NAMES OF DOE DEFENDANTS AND ORDERING SERVICE ON NEWLY IDENTIFIED DEFENDANTS**

On December 27, 2022, the court dismissed this case for a second time after plaintiff Kenneath Turner-Harris failed to identify the Doe defendants by the December 6, 2022 deadline that the court had imposed. Dkt. No. 25. Although the plaintiff had filed a "Motion for Production of Documents to Sue Dehaan"—addressed to DeHaan—(Dkt. No. 23), he did not tell the court whether he served the motion on DeHaan, as the court had instructed him to do (Dkt. No. 25 at 1–2). The court reminded the plaintiff in a text-only order that it was his responsibility to "serve his discovery requests 'on defendants' counsel' to get the information he needs to identify the Doe defendants." Dkt. No. 24 (quoting Dkt. No. 17). The court also reminded the plaintiff that if he did not comply with court orders and serve his motion on defense counsel, the court may dismiss the case for his failure to properly litigate it. Id.

The December 6, 2022 deadline to identify the Doe defendants passed, and the plaintiff neither moved to substitute the Doe placeholders with the defendants' real names nor requested additional time to do so. The plaintiff also never informed the court whether he had served his motion on the defendants or whether they had responded to his requests to help him identify the Doe defendants. The plaintiff did not file *anything* with the court after his motion to produce documents, which the court received on November 28, 2022. Dkt. No. 23. The court did not dismiss the case right away; it waited an extra three weeks after the plaintiff's December 6, 2022 deadline—a full month after he improperly filed his motion for the production of documents—before entering the order dismissing the case.

On January 5, 2023, the court received the plaintiff's motion to amend or alter judgment. Dkt. No. 27. The plaintiff says—for the first time—that he mailed his motion for production of documents to counsel for defendant DeHaan the same day he filed it with the court. Id. at 1–2. The plaintiff says he "was baffled by the Courts text-only order . . . reminding him to serve defendants when he had already in fact served defendants counsel." Id. at 2. Again, the plaintiff never notified the court that he had served defense counsel or that the court's order "baffled" him.

The plaintiff says that when the court dismissed this case for the second time, he was still waiting for the defendants to respond to his motion for production of documents. Id. The plaintiff never told the court that. The plaintiff says that on December 29, 2022—two days after the court entered

judgment dismissing this case—he received the defendants' response identifying Captain Michael Priebe and Captain Nicholas Johnson as the shift supervisors on November 28 and 29, 2019, and Captain Molitor as the shift supervisor on November 30, 2019. Id. He says the defendants identified Chad Gutche and David Steffans as the third shift correctional officers on duty on November 30, 2019. Id.

The plaintiff asks the court to alter or amend its judgment "[p]ursuant to Fed. R. Civ. P. 60(b)." Id. He says he "complied with the courts order and timely filed his motion upon defendants and was not responsible for any delay that occurred due to defendants not timely responding or due to any delay in the mail system in getting defendants reply to him timely." Id. The plaintiff asks the court to "reverse its December 27, 2022, order dismissing his case without prejudice, for noncompliance when he had already in fact complied with the courts earlier ruling." Id. at 3.

Although the plaintiff relies on Federal Rule of Civil Procedure 60(b), his motion falls under Rule 59(e) because he filed it within twenty-eight days after the entry of judgment. See Fed. R. Civ. P. 59(e). The court may grant a motion under Rule 59(e) only if a party can "clearly establish" either newly discovered evidence or a manifest error of law or fact warranting relief. Harrington v. City of Chi., 433 F.3d 542, 546 (7th Cir. 2006) (citing Romo v. Gulf Stream Coach, Inc., 250 F.3d 1119, 1122 n.3 (7th Cir. 2001); and Bordelon v. Chi. Sch. Reform Bd. of Trs., 233 F.3d 524, 529 (7th Cir. 2000)). Newly presented, but not new, evidence is not a proper ground for altering the judgment.

See Bordelon, 233 F.3d at 529 (quoting Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996)) (explaining that Rule 59(e) "does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment"). "Relief under Rule 59(e) is an 'extraordinary remed[y] reserved for the exceptional case.'" Vesey v. Envoy Air, Inc., 999 F.3d 456, 463 (7th Cir. 2021) (quoting Gonzalez-Koeneke v. West, 791 F.3d 801, 807 (7th Cir. 2015)).

The plaintiff's motion asserts that the court committed a manifest error of fact, concluding that he had not served defense counsel with his motion to produce documents when, in fact, he had served counsel and was awaiting a response. But the plaintiff never notified the court that he served his motion the same day he *improperly* filed it with the court. Nor did he tell the court that he was awaiting the defendants' response or that he had not yet received a response by the December 6, 2022 deadline. This evidence of his diligence in identifying the Doe defendants is not "newly discovered;" it is merely "newly presented." The plaintiff could have and should have presented this information to the court before the court entered judgment. He had an opportunity to do so because the court waited three weeks—from December 6 to December 27—before dismissing the case. The plaintiff's motion does not clearly establish that the court committed a manifest error of fact warranting amending or altering the judgment; it is the *plaintiff* who committed an error in failing to advise the court that he was actively seeking the Doe defendants' identities and diligently prosecuting this case.

The court is mindful, however, that the plaintiff is an incarcerated person representing himself in this lawsuit. He may not have any previous experience litigating a federal case, which is a daunting task. Based on his self-represented status, and in the interests of justice, the court will grant the plaintiff's motion, vacate the judgment and reopen the case. The court will substitute Captains Michael Priebe, Nicholas Johnson and Molitor and correctional officers Chad Gutche and David Steffans in place of the Doe placeholders. The court will order service of the complaint on those defendants and will dismiss Director DeHaan, who was named only for the limited purpose of helping the plaintiff identify the Doe defendants. See Dkt. No. 12 at 16–17.

The court reminds the plaintiff that it is his responsibility to litigate the case with diligence. That means he must tell the court in writing when he needs additional time to comply with court instructions and should not simply assume the court knows what documents he has or has not served on the defendants. If he doesn't understand something that the court has ordered, he must file a motion asking for clarification. The court has no way of knowing what the plaintiff does, or what he understands, unless the plaintiff tells the court. Unless the plaintiff files a document with the court, or tells the court in writing about the action he is taking to litigate his case, the court will not know whether he is diligently prosecuting his case or abandoning the litigation. If the plaintiff again fails to notify the court when he needs additional time to comply with court orders, or if it again appears to the court that the plaintiff is not diligently prosecuting this action, the court may again dismiss this case. **If the**

**court dismisses this case a third time, it will not again reopen it unless the plaintiff demonstrates extraordinary circumstances warranting relief**.

The court **GRANTS** the plaintiff's motion to amend or alter the judgment. Dkt. No. 27.

The court **VACATES** the judgment, dkt. no. 26, and **ORDERS** that the Clerk of Court must reopen this case.

The court **DIRECTS** the Clerk of Court to terminate Sue DeHaan as a defendant.

The court **DIRECTS** the Clerk of Court to update the caption of this case by substituting Captain Michael Priebe, Captain Nicholas Johnson and Captain Molitor and Correctional Officer Chad Gutche and Correctional Officer David Steffans for the John Doe placeholders.

Under an informal service agreement between the Wisconsin Department of Justice and the court, the court will electronically transmit a copy of the complaint (Dkt. No. 1), the screening order (Dkt. No. 12) and this order to the Wisconsin Department of Justice for service on defendants Priebe, Johnson, Molitor, Gutche and Steffans at the Wisconsin Resource Center. Under the informal service agreement, the court **ORDERS** those defendants to respond to the complaint within 60 days.

Dated in Milwaukee, Wisconsin this 30th day of January, 2023.

BY THE COURT:

_____
HON. PAMELA PEPPER
**Chief United States District Judge**